Justice LEE,
concurring in part and concurring in the judgment:
T52 I am on board with the majority's disposition of this case and with its conclusion that section 922 of the National Bank Act forecloses application of the Comptroller's regulation in 12 C.F.R. § 9.7. Specifically, I agree that a national bank physically located in one state (Texas) but performing a nonjudicial foreclosure sale in another (Utah) is governed by the law of the latter state, not the former. And I agree that that conclusion flows from a construction of section 92a un *1015 der Chevron step one-in that the "laws of the State in which the national bank is located," 12 U.S.C. § 92a(a), must have reference to the state in which the foreclosure sale is performed, and not the state in which the bank is physically located.
58 I would base that conclusion on only one of the two grounds articulated by the court, however. In my view, the statutory reference to the "laws of the State in which the national bank is located" is not at all clear or unambiguous on its face. So I cannot concur in part L.A. of the court's opinion, which rests on that conclusion.
{ 54 Section 92a allows the Comptroller of the Currency to grant a national bank, "when not in contravention of State or local law, the right to act ... in any ... fiduciary capacity in which" entities "which come into competition with national banks are permitted to act under the laws of the State in which the national bank is located." 12 U.S.C. § 92a(a). If entities competing with national banks are permitted to perform fiduciary acts "under the laws of the State in which the national bank is located," then national banks may likewise be authorized to perform such acts.
T 55 This case turns on the meaning of the term "located." If ReconTrust is located in Texas by virtue of the physical situs of its offices there, then Texas law dictates the terms and conditions of its authority to act as a fiduciary in conducting a nonjudicial sale for the foreclosure of real property in Utah. On the other hand, if ReconTrust is located in Utah based on the situs of the real property subject to foreclosure, then it is Utah law that governs its authority in this regard.
11 56 I see no clear or unambiguous answer to this question on the face of the National Bank Act, As the United States Supreme Court has indicated, the term "located" "as it appears in the National Bank Act, has no fixed, plain meaning." See Wachovia Bank v. Schmidt, 546 U.S. 303, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006). "In some provisions, the word unquestionably refers to a single place: the site of the banking association's designated main office. In other provisions, 'located * apparently refers to or includes branch offices." Id. at 313, 126 S.Ct. 941 (citations omitted).
157 Loraine Sundquist proffers another possible meaning of the term-one divorced from physical location. She suggests that a bank performing a fiduciary act is "located" in the state in which the bank performs the act at issue. That. .seems grammatically tenable. In circumstances where a bank is physically officed in one or more states and conducting business in another, any or all of those states are plausibly the place where it is "located." The dictionary definitions of the intransitive form of the verb "locate," after all, have reference to the place where one "establish[es] one's business or residence in a place," or where one Ran-pom House DICTIONARY OF THE ENGLISH LaN-cuacEk, 1129 (2d ed.1987). Such definitions beg the key question, which is what sorts of actions are sufficient to rise to the level of establishing a "business," or of "settling." Without more, I would say that either a physical office or the performance of a fidu-clary act on behalf of another could suffice. And thus I cannot say, as the majority does, that the statutory language, standing alone, is clear. -
158 The court bases its contrary conclusion on an alternative definition of "locate""'to determine or indicate the place, site or limits of something." Supra ¶ 23 (quoting Merriam-Webster Online Dictionary). Even assuming a definition of the transitive form of "locate" to be relevant, this one is similarly question-begging. It could certainly be said "that a national bank is located in the place or places where it acts or conducts business," supra ¶ 23, but that does not at all eliminate the alternative conclusion that a bank could also be located in the place or site where its physical offices are situated. The key question under the majority's definition, in other words, is what "determines" or "indicates" the place of a person or entity's location. And that question is not at all answered-certainly not clearly or unambiguously-by the statutory text.
159 Nor is the question resolved in the legislative history cited by the majority. It may be that the addition of "local" to the phrase "not in contravention of State or local law" in an unrelated section of the NBA was meant "to preclude any inference that a national bank may disregard local State law." See supra ¶ 28 (internal quotation marks *1016 omitted). But given that "located" takes on different meanings throughout the NBA, see Wachovia, 546 U.S. at 318-14, 126 S.Ct. 941, it is by no means clear that legislative history concerning the use of the term in one section has any relevance to its use in another. And again, the cited legislative history does not answer the key question: Local to what? To the bank's physical location, or to the fiduciary acts it performs?
T 60 Thus, I see no basis for the conclusion that section 922 clearly mandates any particular notion of "located" among the range of definitions that seem linguistically possible under the statute. I would instead acknowledge that the statute, on its face, is susceptible to a range of constructions-encompassing both physical locations and the state(s) where a bank conducts its fiduciary acts.
T 61 That ambiguity, however, cuts in favor of the construction rendered by the court. It does so under the clear statement rules identified by the majority. I accordingly concur in part LB. of the court's opinion, and would rest the construction of section 92a on the clear statement prineiple articulated there-that on a matter of traditional state sovereignty over the disposition of title to property of an inherently local nature, we cannot lightly deem Congress to have intruded on the local state's sovereignty.